UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| THOMAS PHILLIP JEFFERIES / ONE-FEATHER BELL, | * * * | CIV 12-3023-RAL |
| Plaintiff, | * * | OPINION AND ORDER GRANTING LEAVE TO |
| vs. | * * | PROCEED IN FORMA PAUPERIS AND |
| KIAH MARSHALL, STANLEY COUNTY, FT. PIERRE, SERGEANT DETECTIVE DURAL C. GROSS, AND HUGHES COUNTY CORRECTIONAL OFFICER KNOWN AS BYRON, | * * * * * * | DISMISSING COMPLAINT |
| Defendants. | * | |

Thomas Phillip Jefferies / One-Feather Bell ("Bell") filed a pro se action seeking damages for past emotional distress from alleged policy brutality, being entrapped and jailed, being in bad conditions, and other factual and procedural issues. Doc. 1. Bell named as defendants Kiah Marshall, Stanley County, Ft. Pierre, Sergeant Detective Dural C. Gross, and a Hughes County Correctional Officer known as "Byron."

Bell's Complaint appears to seek $35,000.00 as well as a stop to gender violence and for Bell to be moved out of South Dakota. Doc. 1. Bell's Complaint also makes claims about apartment housing, speaking with Bell's family in court, payment for a lawyer, and payment for an operation bill incurred at Avera. Doc. 1. Bell filed a motion for leave to proceed in forma pauperis and a motion to view eye's in the sky view from Google Earth on the date of March 17, 2012. Doc. 3; Doc. 10.

## I. Facts

Bell, who is proceeding pro se, provides sometimes limited and confusing information in the Complaint about his situation and the basis for his allegations. Bell appears to be in state

custody at the Hughes County Jail on a charge of rape in the second degree in violation of SDCL § 22-22-1. Bell, according to his Complaint, has not entered a plea in that case and is currently awaiting a competency hearing. Bell challenges the validity of his incarceration at the Hughes County Jail and asks for monetary damages. Those monetary damages are based on various incidents where individuals allegedly have harassed or insulted Bell.

Because "damages are not an available habeas remedy," this Court construes Bell's claim as a civil rights action arising under 42 U.S.C. § 1983, rather than a petition for federal habeas corpus. Nelson v. Campbell, 541 U.S. 637, 646 (2004). A petition for writ of habeas corpus is an individual claim. There is no such thing as a combination § 2254/§ 1983 lawsuit. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that a § 1983 action is not available to a state prisoner challenging the fact or duration of his imprisonment; habeas corpus is the sole federal remedy). Accordingly, Plaintiff may either continue on with the § 1983 lawsuit or sever his claims to pursue a § 2254 petition. This Court will not reclassify Bell's claims as § 2254 petitions without his consent, particularly because Plaintiff has not been adjudged guilty nor sentenced in state court. Morales v. United States, 304 F.3d 764, 766 (8th Cir. 2002).

## II. Discussion

### A. Liberal Construction of Pro Se Complaint

A court must assume as true all facts well pleaded in the complaint. Cole v. Homier Distrib. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010). "[A]lthough liberally construed, a pro se complaint must contain specific facts supporting its conclusions." Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993) (citations omitted); see also Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006) (nothing that pro se complaints must be construed liberally). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires more than

2

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). If a complaint does not contain these bare essentials, and is instead based on "vague [or] conclusory" allegations or "unsupported generalizations," dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). In Twombly, the Supreme Court of the United States made clear that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." 550 U.S. at 555; see also Abdullah v. Minnesota, 261 Fed. Appx. 926, 927 (8th Cir. 2008) (citing Twombly and noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

It has long been recognized that "[c]ivil rights pleadings should be construed liberally." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). Even a civil rights complaint, however, must contain facts that state a claim as a matter of law and must not be conclusory. Id. Broad and conclusory statements unsupported by factual allegations are not sufficient. Ellingburg v. King, 490 F.2d 1270, 1271 (8th Cir. 1974). A court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. Id. "[T]o state a claim for relief under § 1983, a plaintiff must allege facts sufficient to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010) (internal citations omitted).

This Court is obliged to "screen" prisoner complaints that seek redress from governmental entities or employees. 28 U.S.C. § 1915A. This Court is required to dismiss claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. §

1915A(b)(1). Before considering whether Bell's complaint survives under the requisite screening under Section 1915A, this Court considers the petition to proceed in forma pauperis.

**B. In Forma Pauperis Status**

A federal court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. In forma pauperis status is a privilege rather than a right. See e.g., Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987) (discussing the right to proceed in forma pauperis in a nonprisoner case). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). Bell's motion for leave to proceed in forma pauperis and his prisoner trust account report reveal that he is indigent. Doc. 3; Doc. 8. This Court will grant Bell's motion to proceed in forma pauperis.

The Prison Litigation Reform Act, 28 U.S.C. § 1915, requires prisoners to make an initial partial filing payment where possible. Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires twenty percent of the greater of: (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint or notice of appeal. Bell's application represents that he has no funds whatsoever, including no funds in his inmate trust account. Under § 1915(b)(4), no prisoner shall be prohibited from bringing a civil action by reason of the prisoner having no assets and no means to make an initial partial filing fee. Bell is obligated to pay the filing fee regardless of whether this Court allows or dismisses this action. In re Prison

Litig. Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his complaint with the court, and it cannot be avoided merely because the case is eventually dismissed. In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal.").

**C. Substantive Claims**

Bell's Complaint raises several substantive claims against Defendants. Bell's Complaint provides little explanation for those claims, but Bell has filed supplementary material that further explains his claims.

The first issue raised by Bell is about apartment housing and an inability to rent housing. Doc. 1. Bell, however, never again mentions the inability to rent an apartment in his filings. Because he provides no factual description for this housing claim, his claim is not properly plead. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). Moreover, the Defendants named by Bell appear to have nothing to do with adequate apartment and rental housing in South Dakota.

Bell then makes a claim about talking with his family. This claim is unclear and never mentioned again in Bell's pleadings. Doc. 1. Therefore, Bell has not provided a sufficient factual description for this claim and the claim is not properly plead. Stone, 364 F.3d at 914.

Bell's next claim seeks to establish payments for a lawyer for a later date. Doc. 1. It is unclear whether Bell asks for additional funds for defense counsel in the underlying state criminal case, or for appointment of counsel in this case. If Bell seeks funding for counsel in the underlying state case, this Court is unable to provide relief. Bell appears to currently be represented by attorney Wade Fischer in his state court proceedings. Bell has alleged issues with the representation provided by Fischer. E.g., Doc. 4 at 5 ("public defender Wade Fischer would

not listen to the evidence."). However, this Court cannot address any deficiencies in state court counsel at this point, prior to resolution of the state criminal case and exhaustion of state remedies for any alleged ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668 (1984).

Bell, however, may be seeking appointment of counsel in this case. A civil litigant has no constitutional or statutory right to a court-appointed attorney. Edgington v. Mo. Dep't of Corr., 52 F.3d 777, 780 (8th Cir. 1995). Determining whether to appoint counsel to represent indigent civil litigants is a matter of the court's discretion. Id. In analyzing a motion for appointed counsel, a court must evaluate the legal and factual complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim. Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996). A court should also satisfy itself that the plaintiff has in good faith attempted to retain private counsel and failed. Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991). The ultimate inquiry is whether both the court and the plaintiff will benefit from the assistance of appointed counsel. Id. Bell's Complaint does not involve a complicated matter, either legally or factually. Plaintiff was able to set forth in his Complaint his claim and desired relief. Therefore, the appointment of counsel to represent Bell is not warranted at this time.

Bell then seeks to have someone pay for his operation bill at Avera and provide for check-up appointments. However, Bell never provides additional information about his Avera bill, nor does he specify which defendant should be responsible for these costs. Bell has not plead sufficient facts to allow this claim to continue. Stone, 364 F.3d at 914.

Based on the foregoing analysis, Bell has filed no viable claims in his Complaint. However, Bell also submitted a Declaration that provides additional claims for relief, and at various points is labeled as "complaint." Doc. 4. This Court will consider these additional claims as if they had been included in the Complaint.

Bell's primary claim in his Declaration concerns alleged harassment and threats by other men. Doc. 4 at 1-2, 4. Most of these men are unidentified and do not appear to be defendants in this case. Without additional information, Bell has failed to show that any unnamed person who may have harassed or threatened him can be sued in this case. Therefore, any claims about harassment or threats from unnamed or unidentified individuals do not survive screening under § 1915A. Stone, 364 F.3d at 914.

Bell specifically pleads that Dural C. Gross, a police officer, harassed him. Doc. 4 at 4. According to Bell, Gross made statements to Bell about him facing up to ten years for his conduct and handed Bell a business card. Id. Bell also once saw Gross at his home. Id. at 5. This alleged conduct does not support a claim of violation of Bell's rights under § 1983. Therefore, the facts as plead by Bell are factually insufficient. Stone, 364 F.3d at 914.

Bell then claims that a female correctional officer punished him in jail. This correctional officer is not a named defendant in this case. Bell's contention is that he was punished by this correctional officer because he forgot to shut his cell door. Doc. 4 at 6. It is unclear from Bell's Declaration whether this incident happened during his current incarceration or "a long time ago." Id. Regardless, from the facts provided by Bell, this correctional officer did not violate § 1983 and appears to be within her rights to punish Bell for a rule infraction for not shutting his cell door appropriately. This claim is factually insufficient to continue. Stone, 364 F.3d at 914.

Bell next makes two medical claims: that the TV makes his head hurt, Doc. 4 at 6, and that he needs x-rays, Id. at 7. Bell never provides additional information about these medical claims, nor does he show that he is not being provided sufficient medical care in state custody. If Bell is indeed challenging the medical care he is receiving in custody, he has not met pleading burdens for such a claim. The Eighth Circuit describes the extent of the constitutionally imposed duty to provide appropriate medical care to inmates.

> Prison officials or their agents violate the [E]ighth [A]mendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Our court has interpreted this standard as including both an objective and a subjective component: "The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).

Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000). Bell has failed to plead any of what the Eighth Circuit requires for an insufficient medical care claim. Therefore, such claims are subject to dismissal. Stone, 364 F.3d at 914.

Bell claims that Kiah Marshall, a named defendant in this case, harassed him and forced her way into the house where he resided. Doc. 4 at 12. Ms. Marshall, from what this Court can gather, was not acting under color of state law and thus there is no federal jurisdiction under § 1983 to address what Bell claims she did. Bell's claims about Ms. Marshall seem to involve his defense of the state charges against him. This Court cannot engage in determining the validity

of a defense unless and until Bell has exhausted his state court remedies and properly filed a petition for habeas corpus in this Court. Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001).

Finally, Bell pleads that a correctional officer named Byron verbally criticized and incriminated Bell. Doc. 4 at 12. Again, it is unclear from the pleadings the exact facts of whatever encounter may have occurred. It appears that at some point Byron informed Bell that he would be watching Bell. Based on these facts, Bell has not plead sufficient facts to state a § 1983 claim, nor has he provided a legal basis as to why Byron's statement is actionable. Stone, 364 F.3d at 914.

### III. Conclusion

Therefore, it is hereby

ORDERED that Bell's Motion to Proceed Without Prepayment of Fees and Declaration, Doc. 3, is granted. It is further

ORDERED that the institution having custody of Bell is hereby directed that whenever the amount in Bell's trust account exceeds $10.00, monthly payments that equal twenty (20) percent of the funds credited to the account the preceding month be forwarded to the United States District Court Clerk, 225 South Pierre Street, Pierre, South Dakota 57501, pursuant to 28 U.S.C. § 1915(b)(2), until Bell has paid the $350.00 filing fee in full. It is further

ORDERED that inasmuch as Bell's Complaint, Doc. 1, sought appointment of counsel, that motion is denied. It is further

ORDERED that Bell's Motion to View Eye's in the Sky View from Google Earth on the date of March 17th, 2012, Doc. 10, is denied. It is further

ORDERED that all claims are dismissed under screening of 28 U.S.C. § 1915A as non-meritorious and frivolous.

Dated August 28, 2012.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE